## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30379

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2018

Lyle W. Cayce
Clerk

GULF COAST WORKFORCE, L.L.C.,

Plaintiff - Appellant

v.

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5342

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Gulf Coast Workforce, L.L.C. ("GCW") appeals from the $53,161 judgment entered against it below.  Finding no error, we AFFIRM.

## BACKGROUND

GCW provided contract labor in Alabama, Florida, Louisiana, Mississippi, and Texas.  GCW purchased workers' compensation insurance from Appellee, Zurich American Insurance Company of Illinois ("Zurich").  Zurich cancelled GCW's policy in 2015.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30379

GCW's estimated premium at the beginning of the 2014-2015 policy period was $134,534.  GCW paid a deposit of $125,463 toward this estimated premium.  The final premium for the policy period was to be calculated after the policy ended.  The policy regarding calculation of a final premium states:

> The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and proper classifications and rates that lawfully apply to the business and work covered by this policy.  If the final premium is more than the premium you paid to us, you must pay us the balance.

The policy explains that the final premium "will be determined in the following way . . . . If we cancel, final premium will be calculated pro rata based on the final time this policy was in force."

Zurich attempted to perform a premium audit to determine GCW's final premium after its policy was cancelled.  A Zurich auditor, Kathleen Smith ("Smith"), attempted this final premium audit with the help of GCW's insurance broker, Blaine Vedros ("Vedros").  A series of e-mails between Smith and Vedros shows that Smith received some, but not all, of the information required to complete her premium audit.  Smith informed Vedros on May 22, 2015 that she would return the audit as "unable to complete" because she had not received detailed payroll reports showing overtime.  Smith used the information she had received to estimate a final premium of $178,624.  GCW was billed $53,161 (the estimated final premium less GCW's deposit).

GCW did not provide further documentation or dispute this final premium.  Instead, GCW filed a petition for damages in Louisiana state court seeking compensation for direct and indirect losses stemming from Zurich's handling of a workers' compensation claim and subsequent cancellation of GCW's insurance policy.  Zurich removed the petition to federal court and then filed a counterclaim for the unpaid premiums.  Zurich moved for summary judgment on GCW's claims, which the district court granted.

2

No. 17-30379

Zurich's counterclaim proceeded to a bench trial. The district court determined that GCW was liable for the outstanding premium balance and entered judgment in the amount of $53,161 plus costs. GCW timely appealed.

## STANDARD OF REVIEW

When reviewing a bench trial, this court reviews findings of fact for clear error and legal issues *de novo*. *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006). Factual findings are clearly erroneous if "(1) the findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) although there is evidence which if credible would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case." *Id.* To reverse for clear error, this court must have "a definite and firm conviction that a mistake has been committed." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

This court reviews "the district court's interpretation of contracts and conclusions of law *de novo* and under the same standards that guided the district court." *Musser Davis Land Co. v Union Pac. Res.*, 201 F.3d 561, 563, (5th Cir. 2000) (citing *Exxon Corp. v. Crosby-Miss Res., Ltd.*, 154 F.3d 202, 205 (5th Cir. 1998)). A district court's determination that a party has breached a contract is a question of fact. *See Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1469 (5th Cir. 1993). This court reviews a district court's damages awards for clear error. *See Fed. Sav. & Loan Ins. Corp. v. Tex. Real Estate Counselors, Inc.*, 955 F.2d 261, 268 (5th Cir. 1992).

3

No. 17-30379

## DISCUSSION

GCW alleges that the district court erred by: (1) awarding amounts allegedly due based on an "estimated audit" rather than a final audit; and (2) by awarding an amount that no witness was able to explain or confirm.

### a. Awarding Amounts Due Based on an "Estimated Audit"

GCW's first argument focuses on the policy language stating that "[t]he final premium will be determined after this policy ends by using the actual, not the estimated, premium basis . . . ." GCW contends that Zurich had no contractual right to recover any alleged outstanding premium because Zurich did not complete an *actual* audit to determine the final premium, and instead estimated the final premium based on the information available to Smith. GCW argues that the district court erred by fashioning a remedy for Zurich where Lousiana law and the contract provided none.

The district court disregarded this argument. The court stated that "[t]he completion of the final audit might be considered a suspensive condition to a valid bill for premium due" and that "when this condition is effectively defeated by one party, it cannot benefit from such action or inaction." The district court based this conclusion on Louisiana Civil Code Article 1772 and the Louisiana state court opinion in *Grimsley v. Lenox*, 643 So.2d 203 (La. Ct. App. 1994).

Upon review, this court agrees with the district court's conclusion. The policy, in addition to stating that a final premium will be determined based on the actual premium basis, required GCW to "keep records of information needed to complete premium [and] provide [Zurich] with copies of those records when we ask for them." The record reflects that GCW did not provide copies of all records requested by Smith. Louisiana Civil Code Article 1772 provides that "[a] condition [in a contract] is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment."

4

Here, the district court held that the estimated final premium would be considered final because GCW's failure to comply with its obligation to furnish records to Zurich prevented a true final audit. Article 1772 dictates this result. Accordingly, this court affirms the district court's holding that GCW owed Zurich for unpaid premiums based on an estimated final premium audit.

### b. *Awarding Damages Unexplained by any Witness*

GCW's second point of error alleges that the district court awarded damages that no witness could explain or confirm. Zurich's sole witness was Smith, who conducted the audit but did not work on billing matters. GCW contends that, because Smith could not testify to the $53,161 premium, Zurich did not prove its damages.

This argument ignores evidence admitted during the bench trial. Trial Exhibit 2 is an invoice dated August 13, 2015 which shows an amount due of $53,161 based on an audit. Trial Exhibit 3 shows Smith's estimated audit and the adjustments to GCW's premium. Calculations on the first three pages of this document reflect a total earned premium of $178,624, a deposit premium of $125,463, and the additional premium due of $53,161 (the difference between the earned premium and deposit premium). These documents and the testimony from Smith and Vedros provided the district court with sufficient evidence to award $53,161 in damages to Zurich. Therefore, the district court's damages determination was not clearly erroneous. Accordingly, this court affirms the district court's damages award.

## CONCLUSION

For the reasons stated above, the district court's judgment is **AFFIRMED**.